498

560 A.2d 284

**Margaret J. FRANTZ, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE EMPLOYEES
RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1989.

Decided June 14, 1989.

Charles E. Kurowski, Canonsburg, for petitioner.

Richard D. Michlovitz, Asst. Counsel, Harrisburg, for respondent.

Before CRAIG and DOYLE, JJ., and KALISH, Senior Judge.

CRAIG, Judge.

Margaret J. Frantz appeals a decision of the State Employees Retirement Board which denied Frantz's request to purchase state retirement credit based upon her employment with the Washington–Greene Community Action Corporation (Community Action). We affirm.

Frantz worked for Community Action as a bookkeeper and secretary between January 1, 1976 and February 17, 1984. Frantz worked for the Commonwealth in the Office of the Auditor General from August 12, 1985 to January 13, 1988.

Frantz argues that she should receive credit for her employment with Community Action, for the purpose of determining her right to retirement benefits under the State Employee's Retirement Code, 71 Pa.C.S. §§ 5101–5956, because that employment constituted either previous state employment under section 5303 of the Code or creditable nonstate service under section 5304.

■ However, because Frantz's statement of the questions involved is limited to whether she was a state employee while working for Community Action, we will not address the issue of creditable nonstate service. Pa.R.A.P. No. 2116(a).[1] We note, however, that Frantz's claims under

1. The sole question was:

section 5304 are devoid of merit. To receive credit for nonstate service under that section, the petitioner must be an active member of the Public School Employee's Retirement System (section 5304(a)), or her former employment must fall within one of the categories in section 5304(c), which lists only military service, public education work elsewhere, and government agency work taken over by the state. None of those categories are applicable.

■ We also agree with the board's determination that Frantz was not a "state employee," as defined in 71 Pa.C.S. § 5102, which embraces only employment by state agencies and state colleges or by certain *public* corporations. Although the board's record reveals that the state contributed funds to Community Action, the county and the federal government also contributed to its funding. The most significant fact established by the record is that Community Action is a private, nonprofit corporation.

This evidence supports the board's findings that Frantz worked for a private nonprofit corporation, rather than a state agency or public corporation. We agree with the board that Frantz failed to establish that she was a state employee for the purpose of credit as such under the State Employee's Retirement Code.

## ORDER

NOW, June 14, 1989, the decision of the State Employes' Retirement Board dated September 9, 1988 in the above captioned matter is affirmed.

Was the Appellant an employee of the Commonwealth in her service with the Washington–Greene Community Action Corporation, a state created, supervised and funding program, to allow her to receive credit toward purchasing retirement credits with the State's pension program?